FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 3 0 2018

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:18CR 00450 KGB |
| vs. ) | |
| ) | 18 U.S.C. §§ 1343 and 2 |
| ) | 26 U.S.C. § 7206(1) and 18 U.S.C. § 2 |
| JEREMY YOUNG HUTCHINSON ) | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

All dates in this Indictment are alleged to be "on or about" the specific date stated. All dollar amounts in this Indictment are alleged to be "approximately" the specific amount stated. At all times material to this Indictment:

**The Defendant**

1. Defendant JEREMY YOUNG HUTCHINSON ("HUTCHINSON") was a resident of the Eastern District of Arkansas.

2. HUTCHINSON served as a Senator in the Arkansas Senate from 2011 to present. As a member of the Arkansas Senate, HUTCHINSON represented District 22, later re-named Senate District 33, of the State of Arkansas. Prior to his service in the Arkansas Senate, HUTCHINSON served as a Representative of House District 31 in the Arkansas House of Representatives from 2000 to 2007. Both House District 31 and Senate Districts 22 and 33 are located in the Eastern District of Arkansas.

3. On November 2, 2010, HUTCHINSON won the general election as an Arkansas State Senator. HUTCHINSON was re-elected to the Arkansas Senate on November 6, 2012, and again on November 4, 2014.

1

4. As part of his campaigns for senate, on the dates set forth below, HUTCHINSON opened the following campaign-related bank accounts ("Campaign Accounts"), which are identified by the bank name, the last four numbers of the account number, and the account name:

| Bank Name (Last 4) | Account Name | Open Date |
|---|---|---|
| Bank of America (4036) | J. Hutchinson Campaign Account ("J.H. Campaign Account") | Aug. 21, 2009 |
| Arvest Bank (2718) | d/b/a Jeremy Hutchinson for State Senate ("Senate Account") | Oct. 14, 2009 |
| Arvest Bank (9947) | d/b/a Jeremy Hutchinson for Senate ("Senate #2 Account") | May 31, 2016 |

5. At all times material to this Indictment, HUTCHINSON had sole signatory authority over the J.H. Campaign Account and the Senate # 2 Account. HUTCHINSON had sole signatory authority over the Senate Account until May 28, 2013, when another individual was added as an additional signatory.

6. On the dates set forth below, HUTCHINSON opened the following personal and business bank accounts ("Personal Accounts"), which are identified by the bank name, the last four numbers of the account number, and the account name:

| Bank Name (Last 4) | Account Name | Open Date |
|---|---|---|
| Bank of America (1060) | Jeremy Hutchinson and his wife at the time ("Marital Account") | April 30, 2004 |
| Bank of America (8003) | d/b/a Hutchinson Enterprises ("Hutchinson Enterprises Account") | Jan. 14, 2011 |
| Arvest Bank (7081) | Jeremy Y Hutchinson ("JYH Personal Account") | May 30, 2013 |
| Arvest Bank (7635) | d/b/a Hutchinson Law Firm ("Law Firm Account") | Sept. 10, 2013 |
| Arvest Bank (9640) | HUTCHINSON and [family member] ("Family Member Account") | May 30, 2015 |

7. At all times material to this Indictment, HUTCHINSON had sole signatory authority over the Hutchinson Enterprises Account and JYH Personal Account. HUTCHINSON had signatory authority over the Marital Account until his name was removed from the account on May 13, 2011. At all times material to the Indictment, HUTCHINSON had signatory authority

2

over the Family Member Account along with HUTCHINSON's family member. At all times material to the Indictment, HUTCHINSON's ex-wife also had signatory authority over the Marital Account. HUTCHINSON and his legal assistant both had signatory authority over the Law Firm Account at all times material to this Indictment.

**Relevant Arkansas Campaign Finance Law**

8. Under Arkansas State law, candidates for Arkansas State Senate, and incumbent state senators, are required to file Campaign Contribution and Expenditure Reports ("Campaign Reports") with the Arkansas Secretary of State's office in Little Rock, Arkansas.

9. In those Campaign Reports, candidates are required to, amongst other things, identify and list the following:

   a. the total amount of contributions and loans received, and the total amount of expenditures made, during the particular filing period and the cumulative amount for the entire election cycle;

   b. expenditures exceeding $100, including the amount of the expenditure, the name and address of any person, including the candidate, to whom the expenditure was made, and the date that the expenditure was made; and

   c. the total amount of non-itemized expenditures.

10. Each Campaign Report must be certified by the candidate or candidate's appointed representative that the "information disclosed in [the Campaign Report] is a complete, true, and accurate financial statement of my (the candidate's) campaign contributions and expenditures."

11. The Arkansas Secretary of State is required to make the Campaign Reports available for public inspection and to provide the Campaign Reports to the Arkansas Ethics Commission. The Arkansas Ethics Commission is the Arkansas state body charged with enforcing Arkansas' standards of conduct and campaign disclosure laws for public office candidates.

12. Arkansas Code § 7-6-203 prohibits "a candidate [from taking] any campaign funds as personal income." Section 7-6-203 prohibits, with few exceptions, a candidate from taking "any campaign funds as income for his or her spouse or dependent children." Section 7-6-203 provides, "[f]or purposes of this subsection, a candidate who uses campaign funds to fulfill any commitment, obligation, or expense that would exist regardless of the candidate's campaign shall be deemed to have taken campaign funds as personal income."

### IRS Income Tax Return Form 1040

13. IRS Form 1040 is the form used by taxpayers to report and file their U.S. Individual Income Tax Returns. Among other individual demographic and financial information reported on the IRS Form 1040, Line 22 requires taxpayers to identify and report their total income for a given reporting year and Schedule C of Form 1040 requires a taxpayer to report their total gross receipts.

14. Each taxpayer signs a declaration that accompanies each Form 1040, certifying under the penalty of perjury, that the statements in the form are "true, correct, and accurately list all amounts and sources of income [the taxpayer] received during the tax year."

### COUNTS ONE THROUGH EIGHT
### 18 U.S.C. § 1343
### (Wire Fraud Scheme)

15. The allegations set forth in Paragraphs 1-14 are incorporated herein.

16. From at least 2010 through 2017, in the Eastern District of Arkansas and elsewhere, the defendant,

**JEREMY YOUNG HUTCHINSON,**

voluntarily and intentionally devised, and intended to devise, a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises from contributors and donors to his political campaigns for Arkansas State Senate.

4

**Purposes of the Scheme**

17. It was a purpose of the scheme for the defendant JEREMY YOUNG HUTCHINSON, to enrich himself by converting contributions and donations to his campaigns for Arkansas State Senate to his personal use, including, but not limited to, taking the contributions and donations and spending them on personal luxuries and expenses.

18. It was a purpose of the scheme for the defendant, JEREMY YOUNG HUTCHINSON, to conceal from donors, the public, the Arkansas Ethics Commission, and law enforcement authorities, that the defendant was converting contributions and donations to his campaigns for Arkansas State Senate to his personal use, including, but not limited to, taking the contributions and donations and spending them on personal luxuries and expenses.

**Manner and Means of the Scheme**

19. From at least 2010 through 2017, HUTCHINSON solicited and accepted, or caused to be solicited and accepted, at least $350,000 in campaign contributions and donations to his political campaigns for Arkansas State Senate and deposited, or caused to be deposited, those contributions and donations into his Campaign Accounts as well as his Personal Accounts. Over this same period, HUTCHINSON stole, misappropriated, and converted for his personal use thousands of dollars in campaign contributions and donations deposited into his Campaign Accounts and Personal Accounts.

20. Between 2010 and 2017, HUTCHINSON organized, or caused to be organized, and attended, several fundraisers for his political campaigns for Arkansas State Senate. To facilitate such fundraisers, and to induce individuals and entities to donate to his political campaigns, HUTCHINSON emailed fundraising solicitations, fliers and invitations to fundraisers, to potential donors, for his political campaigns for Arkansas State Senate.

21. When HUTCHINSON solicited and accepted, or caused to be solicited and accepted, campaign contributions and donations from contributors and donors to his political campaigns for Arkansas State Senate, HUTCHINSON made material false representations to donors that campaign contributions and donations would be used in support of his political campaigns and he also omitted and concealed material information from the contributors and donors, including that he intended to, and in fact did, convert the contributions and donations to his personal use.

22. HUTCHINSON stole, misappropriated, and converted for his own personal use campaign contributions and donations by:

    a. debiting or spending approximately $41,000 directly from his Campaign Accounts on items and things that were for his own personal use, including, but not limited to: vacation, hotel, and other travel expenses; personal food, groceries, and gas charges; gym membership fees; school tuition payments; personal expenses incurred at jewelry, clothing, and other retail stores; Netflix fees; and utility payments made for a personal residence;

    b. withdrawing nearly $78,000 in cash from his Campaign Accounts;

    c. wiring or transferring by check or other means approximately $41,000 from his Campaign Accounts to his Personal Accounts and using the money for personal expenses;

    d. cashing five different checks that were intended campaign contributions or donations totaling approximately $6,400; and

    e. depositing approximately $42,000 in campaign contributions and donations intended for HUTCHINSON's Campaign Accounts directly into his Personal Accounts and using the money for personal expenses.

23. To hide and conceal his theft and conversion of his campaign contributions and donations for his own personal use, HUTCHINSON falsified his Campaign Reports, in violation

of state law, by falsely representing, omitting, and concealing, or causing to be falsely represented, omitted, and concealed, material information, including the true amounts of contributions and donations he received. Specifically, from at least 2010 through 2017, HUTCHINSON received and underreported approximately $71,000 in political contributions and donations in his Campaign Reports.

24. In addition, from at least 2010 through 2017, to hide and conceal his theft and conversion of his campaign contributions and donations, HUTCHINSON materially falsified, or caused to be falsified, his Campaign Reports, in violation of state law, by:

   a. falsely representing the amount and types of campaign expenditures;

   b. omitting and concealing from his Campaign Reports that HUTCHINSON was debiting and spending funds directly from his Campaign Accounts on items and things that were for his own personal use;

   c. omitting and concealing from his Campaign Reports that HUTCHINSON was withdrawing cash from his Campaign Accounts;

   d. omitting and concealing from his Campaign Reports that HUTCHINSON was wiring or transferring by check or other means funds from his Campaign Accounts to his Personal Accounts; and

   e. omitting and concealing from his Campaign Reports that HUTCHINSON cashed five different checks that were intended campaign contributions or donations totaling approximately $6,400.

25. To further hide and conceal his theft and conversion of his campaign contributions and donations, HUTCHINSON falsified, or caused to be falsified, his U.S. Individual Income Tax Returns, Forms 1040, for years 2011 through 2014, by failing to report, as total income, and as

part of his gross receipts, the campaign contributions and donations HUTCHINSON converted for his own personal use for those years.

### Acts in Furtherance of the Scheme

26. Between 2010 and 2017, HUTCHINSON organized, or caused to be organized, and attended, several fundraisers for his political campaigns for Arkansas State Senate. To facilitate such fundraisers, and to induce individuals and entities to donate to his political campaigns, HUTCHINSON emailed potential donors fundraising solicitations, fliers, and invitations to fundraisers, for his political campaigns for Arkansas State Senate.

27. On August 4, 2010, at 2:50pm, HUTCHINSON emailed potential donors, including, but not limited to, Donor H, an invitation to a fundraiser. Attached to HUTCHINSON's August 4, 2010, email was a flier for a fundraising breakfast in support of HUTCHINSON's political campaign for Arkansas State Senate that was to be held on Wednesday August 25, 2010.

28. On May 23, 2013, at 10:47am, HUTCHINSON emailed potential donors a blank email and attached a flier invitation for a fundraiser in support of HUTCHINSON's campaign to re-elect him to the Arkansas State Senate that was to be held on Tuesday, June 18, 2013.

29. From at least 2010 through 2017, HUTCHINSON also created, or caused to be created, campaign fliers and commercials that advertised his political campaigns for Arkansas State Senate and directed potential donors and contributors to the website www.hutchinson4senate.com. This website contained links and functionality that allowed contributors and donors to make contributions and donations directly through the website. From at least 2010 through 2017, several donors and contributors donated and contributed thousands of dollars using the www.hutchinson4senate.com website.

30. From at least 2010 through 2017, defendant HUTCHINSON solicited and accepted, or caused to be solicited and accepted, either directly, or indirectly, multiple campaign contributions and donations, including, but not limited to, the donations listed below:

| Donor | Amount |
|---|---|
| Donor A | $8,000.00 |
| Donor B | $1,000.00 |
| Donor C | $200.00 |
| Donor D | $250.00 |
| Donor E | $750.00 |
| Donor F | $500.00 |
| Donor G | $2,000.00 |
| Donor H | $350.00 |
| Donor I | $3,250.00 |

31. From at least 2010 through 2017, when HUTCHINSON solicited and accepted, or caused to be solicited and accepted, contributions and donations, either directly or indirectly, at fundraising events, or through the www.hutchinson4senate.com website, HUTCHINSON falsely represented to donors that campaign contributions and donations would be used in support of his political campaigns and he also omitted and concealed from the contributors and donors that he intended to, and in fact did, convert the contributions and donations to his personal use.

32. From at least 2010 through 2017, had individuals and entities who gave campaign contributions and donations to HUTCHINSON's political campaigns for Arkansas State Senate, including, but not limited to, Donors A, B, C, D, E, F, G, H, and I, known HUTCHINSON was stealing, misappropriating and otherwise converting those contributions and donations for his own personal use, they would not have contributed or donated funds to HUTCHINSON's campaigns.

33. From at least 2010 through 2017, defendant HUTCHINSON solicited and accepted, or caused to be solicited and accepted, the below total amounts in contributions and donations to his political campaigns for Arkansas State Senate:

| Year | Hutchinson Accepted Contributions & Donations |
|---|---|
| 2010 | $155,551.40 |
| 2011 | $35,300.00 |
| 2012 | $48,100.00 |
| 2013 | $87,918.55 |
| 2014 | $27,600.00 |
| 2015 | - |
| 2016 | $10,400.00 |
| 2017 | $1,350.00 |
| **Total** | **$366,219.95** |

34. From at least 2010 through 2017, HUTCHINSON completed and submitted, or caused to be submitted to the Arkansas Secretary of State, in-person, by fax, or through delivery by the United States Postal Service, or by any private or commercial interstate carrier, multiple Campaign Reports. In completing the Campaign Reports, HUTCHINSON falsely represented, or caused to be falsely represented, in violation of state law, the below total amounts in contributions and donations to his political campaigns for Arkansas State Senate:

| Year | Hutchinson Reported Contributions & Donations |
|---|---|
| 2010 | $129,340.50 |
| 2011 | $23,500.00 |
| 2012 | $18,750.00 |
| 2013 | $104,480.00 |
| 2014 | $3,000.00 |
| 2015 | - |
| 2016 | $15,350.00 |
| 2017 | - |
| **Total** | **$294,420.50** |

35. By falsely reporting these amounts, HUTCHINSON falsely represented, or caused to be falsely represented, the political contributions and donations that he solicited and accepted, and underreported the true amount of political contributions and donations that he solicited and accepted, by approximately $71,000, in violation of Arkansas state campaign finance reporting requirements.

36.     From at least 2010 through 2017, HUTCHINSON deposited approximately $42,000 in checks that were intended contributions or donations to his political campaigns for Arkansas State Senate into his Personal Accounts rather than his Campaign Accounts.

37.     From at least 2010 through 2017, HUTCHINSON debited or otherwise spent funds directly from his Campaign Accounts on items and things that were not disclosed on his Campaign and Contribution Expenditure Reports and were for his own personal use, including, but not limited to: tickets and accommodation expenses for a cruise to a Caribbean destination and for a vacation to New Orleans, Louisiana; personal food, groceries and gas charges; gym membership fees; school tuition payments; personal expenses incurred at jewelry, clothing and other retail stores; Netflix fees; and utility payments made for a personal residence.

38.     From at least 2010 through 2017, HUTCHINSON withdrew nearly $78,000 in cash from his Campaign Accounts, including the below total amounts for the listed years:

| Year | Hutchinson Cash Withdrawals from Campaign Accounts |
|---|---|
| 2010 | $21,866.07 |
| 2011 | $5,026.50 |
| 2012 | $11,300.00 |
| 2013 | $27,839.00 |
| 2014 | $3,900.00 |
| 2015 | $200.00 |
| 2016 | $1,600.00 |
| 2017 | $6,245.00 |
| Total | $77,976.57 |

39.     From at least 2010 through 2017, HUTCHINSON wired or transferred by check or other means approximately $41,000 from his Campaign Accounts to his Personal Accounts, including the below amounts for the listed years:

| Year | Hutchinson Check or Wire Transfers from Campaign to Personal Accounts |
|---|---|
| 2010 | $22,070.57 |
| 2011 | $11,780.00 |
| 2012 | $5,200.00 |
| 2013 | $100.00 |
| 2014 | - |
| 2015 | - |
| 2016 | $2,000.00 |
| 2017 | - |
| **Total** | **$41,150.57** |

40. HUTCHINSON also cashed the following checks that were intended campaign contributions or donations:

    a.    Donor J, dated October 11, 2011, for $2,000.00, cashed October 26, 2011;

    b.    Donor C, dated April 10, 2012, for $200.00, cashed April 26, 2012;

    c.    Donor B, dated July 18, 2012, for $500.00, cashed August 1, 2012;

    d.    Donor K, dated June 24, 2016, for $1,000.00, cashed September 30, 2016; and

    e.    Donor F, dated August 5, 2016, for $2,700.00, cashed September 10, 2016.

41. From at least 2010 through 2017, HUTCHINSON completed and submitted, or caused to be submitted to the Arkansas Secretary of State, in-person, by fax, or through delivery by the United States Postal Service, or by any private or commercial interstate carrier, multiple Campaign Reports. In completing the Campaign Reports, in violation of Arkansas state campaign finance reporting requirements, HUTCHINSON falsely represented, omitted, and concealed, or caused to be falsely represented, omitted, and concealed, from his Campaign Reports, that HUTCHINSON: (a) debited or spent funds directly from his Campaign Accounts on items and things that were for his own personal use; (b) withdrew cash from his Campaign Accounts; (c) wired or transferred by check or other means funds from his Campaign Accounts to his Personal

Accounts; and (d) cashed five different checks that were intended campaign contributions or donations totaling approximately $6,400.

42. For calendar years 2011 through 2014, defendant HUTCHINSON omitted, or caused to be omitted, from his Individual Income Tax Returns Forms 1040, including, but not limited to, from line 22 of Form 1040 and from his total gross receipts, as reported on Schedule C of each Form 1040, the campaign contributions and donations HUTCHINSON converted for his own personal use for those years.

## Execution of the Scheme

43. On the dates set forth below, in the Eastern District of Arkansas and elsewhere, HUTCHINSON executed and attempted to execute the scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises from contributors and donors to his political campaigns for Arkansas State Senate, by knowingly and willfully transmitting, causing to be transmitted, and aiding and abetting the transmission of, the following writings, signs, signals, pictures, and sounds, by means of wire communication in interstate commerce:

| Count | Contents | Date |
|---|---|---|
| 1 | Settlement wire for deposit of check no. 12745 in the amount of $500.00 issued from acct XXX958, made payable to "Sen. Jeremy Hutchison Campaign," and deposited into the Hutchinson Enterprises Account. | January 2, 2013 |
| 2 | Settlement wire for deposit of check no. 21169 in the amount of $2,000.00 issued from acct XXX728, made payable to "Jeremy Hutchinson Campaign," and deposited into the Hutchinson Enterprises Account. | November 18, 2013 |
| 3 | Settlement wire for deposit of check no. 2976 issued in the amount of $2,000 from acct XXX944, made payable to "Jeremy Hutchinson" for "Campaign Donations," and deposited into the Hutchinson Enterprises Account. | December 4, 2013 |
| 4 | Settlement wire for deposit of check nos: 2684 issued in the amount of $100 from acct XXX654; 40316 issued in the amount of $500.00 from acct XXX504; 654516 issued in the amount of $1,000.00 from | November 29, 2012 |

| | | |
|---|---|---|
| | acct XXX400; 3497 issued in the amount of $500.00 from acct XXX913; 1143 in the amount of $250.00 from acct XXX429; and 1079 in the amount of $100.00 from acct XXX566, all issued to support HUTCHINSON's campaign and deposited into HUTCHINSON's Senate Account. | |
| 5 | Settlement wire for deposit of check no. 825043 issued in the amount of $500.00 from acct XXX811, made payable to "Hutchinson for Senate" and deposited into HUTCHINSON's Senate Account. | November 30, 2012 |
| 6 | Settlement wire for check no. 1173 issued in the amount of $2,000.00 from account number XXX425, made payable to "Jeremy Hutchinson" to support HUTCHINSON's campaign, and deposited into HUTCHINSON's Law Firm Account. | November 19, 2013 |
| 7 | Electronic debit ACH wire for $180.00 debit from HUTCHINSON's Senate Account for monthly gym membership dues. | February 6, 2014 |
| 8 | Electronic debit ACH wire for $160.00 debit from HUTCHINSON's Senate Account for monthly gym membership dues. | January 27, 2015 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS NINE THROUGH TWELVE
### 26 U.S.C. § 7206(1)
### (Filing False Return)

44.   The allegations set forth in Paragraphs 1-43 are incorporated herein.

45.   Between 2011 and 2014, in addition to converting campaign contributions and donations for his own personal use, as alleged in Counts One through Eight, HUTCHINSON also received payments from various persons and entities, purportedly for providing legal or consulting services, including, but not limited to, the below amounts, for years 2011-2014:

| Payments Received by Hutchinson | | | | | | |
|---|---|---|---|---|---|---|
| Year | Law Firm A | Charity A | Company A | Company B | Company C | Total |
| 2011 | $260,000.00 | - | - | - | - | $260,000.00 |
| 2012 | $240,000.00 | - | - | - | - | $240,000.00 |
| 2013 | $72,500.00 | $60,000.00 | $11,000.00 | - | - | $143,500.00 |
| 2014 | $55,000.00 | $103,500.00 | $36,000.00 | $20,000.00 | $40,000.00 | $254,500.00 |
| TOTAL | $627,500.00 | $163,500.00 | $47,000.00 | $20,000.00 | $40,000.00 | $898,000.00 |

14

46. On the dates set forth below, in the Eastern District of Arkansas and elsewhere, the defendant,

**JEREMY YOUNG HUTCHINSON,**

a resident of Little Rock, Arkansas, did willfully make, sign, and subscribe, and did willfully aid, abet, assist, and cause to be so made, signed and subscribed, a U.S. Individual Income Tax Return, Form 1040, for each calendar year set forth below, which was verified by a written declaration that it was made under the penalties of perjury and which JEREMY YOUNG HUTCHINSON did not believe to be true and correct as to every material matter. The income tax returns, which were filed with the Internal Revenue Service, reported the total income in the amounts set forth below on line 22 of each Form 1040, and the total gross receipts set forth below on Schedule C of each Form 1040, whereas, as HUTCHINSON then and there knew, he received income and gross receipts in addition to those amounts stated in each Form 1040, each being a separate count:

| Count | Tax Year | Date | Reported Total Income (Line 22) | Gross Receipts (Sch. C) |
|---|---|---|---|---|
| 9 | 2011 | October 15, 2012 | $58,725.00 | $121,295.00 |
| 10 | 2012 | January 13, 2014 | $103,551.00 | $149,102.00 |
| 11 | 2013 | October 15, 2014 | $67,898.00 | $136,220.00 |
| 12 | 2014 | October 15, 2015 | $148,016.00 | $237,115.00 |

All in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2.

(END OF TEXT. SIGNATURE PAGE ATTACHED)