IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:18CR00450 KGB |
| | ) | |
| JEREMY YOUNG HUTCHINSON | ) | |

**UNITED STATES' SURREPLY TO DEFENDANT HUTCHINSON'S MOTION TO DISMISS DUE TO GOVERNMENT MISCONDUCT AND MOTION TO SUPPRESS**

The United States of America, by and through the United States Attorney for the Eastern District of Arkansas, Cody Hiland, through the undersigned Assistant United States Attorneys, and the Public Integrity Section of the U.S. Department of Justice, Criminal Division, through Acting Chief AnnaLou Tirol and the undersigned Trial Attorney, respectfully submits this surreply and requests that the Court deny Defendant Hutchinson's Motion to Dismiss Due to Government Misconduct and Motion to Suppress.

After Hutchinson filed his reply to the United States' response to the motion to dismiss or, alternatively to suppress evidence, the United States received and reviewed additional information pertinent to the claims raised by Hutchinson in his reply and material to the Court's determination. Most importantly, the United States found a registration email from Sony to Individual-1 listing a serial number that confirms Individual 1's contemporaneous registration of the same VAIO laptop that Hutchinson now claims was actually his. Hutchinson's unsupported assertions of ownership should be rejected and his request for a hearing should be denied as he lacks standing to challenge the search of the laptop.

1

I. **ADDITIONAL EVIDENCE THAT THE SONY VAIO BELONGED TO INDIVIDUAL-1 AT THE TIME SHE TURNED IT OVER TO THE FBI.**

   A. **Individual-1 registered the Sony VAIO in her name and subsequently turned that Sony VAIO over to the FBI, as confirmed by the serial numbers**.

In the United States' response, it noted an email received by Individual-1 on September 20, 2011, from Sony with the subject line "What If Your Sony VAIO Laptop Went Missing?" Government's Exhibit 7 (September 20, 2011 email). The email references Individual-1 previously registering the Sony VAIO computer further stating, "When you registered your VAIO® PC with us, you automatically received 1 free year of Sony Lost & Found . . ." *Id*.

In his reply, Hutchinson attempts to cast doubt upon the United States' representations regarding Individual-1's registration of the Sony by stating, "[w]hile the government also suggests that Gov't Exhibit 7 necessarily means that Individual-1 was the proper owner of the laptop, this document only indicates that Individual-1 could have used her email address to register a VAIO computer at some undetermined point in time." *See* Hutchinson Reply ("Reply"), p. 6 n.5. As Government's Exhibit 7 does not contain a serial number or specific identifying characteristic of the Sony VAIO laptop registered, Hutchinson suggests that Individual-1 may have registered a different Sony VAIO computer than the one Individual-1 turned over to the FBI.

In preparation for a potential hearing and trial, the United States continued to review the thousands of emails and communications recovered from Individual-1 and discovered evidence that Individual-1 indeed registered the same Sony VAIO computer that is at issue in this motion to dismiss, not an unrelated Sony VAIO computer as intimated by the Defendant. Specifically, in addition to Government's Exhibit 7, Individual-1 also received an email on March 19, 2011 – almost a year-and-a-half prior to meeting with the FBI – confirming that she registered a Sony VAIO PC in her name. *See* Government's Exhibit 38. The serial number on the email registration

(27528738-3012197) matches the serial number of the computer Individual-1 turned over to the FBI in 2012.  *Compare id. with* Government's Exhibit 3 (8/24/2012 consent to search form listing Sony VAIO laptop S/N: 275287383012197).  Accordingly, there is no question that Individual-1 registered the Sony laptop at issue in this case, in her name, in 2011.  In addition to registering the laptop with Sony, on March 17, 2011 – just two days prior to registering the laptop with Sony – Individual-1 received an email showing that she registered her Sony computer with Norton Internet Security.  *See* Exhibit 38a.[1]  In contrast to these contemporaneous messages demonstrating Individual-1's use of the Sony laptop that is consistent with being its owner, Hutchinson has submitted no documentary or contemporaneous evidence establishing ownership of the laptop.  Indeed, the Defendant has offered this Court only his self-serving statements through his Declaration as proof of ownership. In doing so, Hutchinson has failed to plead, let alone establish, standing to challenge Individual-1's consent to search the device.

### B. Defendant Mischaracterizes the Record Regarding the Laptop in Question

Defendant's failed attempt to cast doubt upon the likeness of the Sony VAIO laptop that was clearly registered by Individual-1 is surpassed only by his attempt to further assail the evidence against him by mischaracterizing the record. Indeed, when confronted with an email in which the Defendant clearly indicates that he gave Individual-1 multiple devices and gifts, including *two computers*, the Defendant now asserts that he merely "implie[d]" that he had given her two computers. *See* Reply at 5. Yet, the email in question expressly states, "Did you tell them how much I had **given** you. . . . Did you tell them I've spent 300,000 dollars on you (I'm sure they'd love that). Did you tell them you have **2 computers**, 2 kayaks, 2 iPads, 2 phones."  *See*

---

[1] As the email is difficult to read, the United States included as page 2 an enlarged screenshot of the email.

Government's Exhibit 5 (June 19, 2012 email) (emphasis added).[2] Defendant's attempt to retract his earlier admissions is belied by the fact he (1) made similar admissions in a February 5, 2012 text message; and (2) now admits, in the face of explicit emails appended to the Government's Opposition, that he gave the Defendant at least one laptop. *See* Government's Exhibit 6 (February 5, 2012 text message) (Hutchinson admits that he has "tried to take care of every one of [Individual-1]'s material needs" and made sure she had "multiple iPads and **computers** . . ." (emphasis added)); *see* Reply at 6 ("It is evident from email correspondence that Mr. Hutchinson provided Individual-1 with the Apple Powerbook turned over to the FBI.") (citing Gov. Ex. 9a).

Hutchinson also claims the United States "ignores the fact that Mr. Hutchinson's neighbor would be able to confirm that he saw Individual-1 break in." *See* Hutchinson Reply at 6. As the brief in support of the motion to dismiss and reply affirmatively states that Hutchinson's neighbor would confirm seeing Individual-1 trespass onto Hutchinson's property and remove items, including electronic devices, the United States asked defense counsel whether the defense was willing to disclose the identity of this potential witness. The defense declined to provide the government with the identity of the neighbor. As such, the United States has not had the opportunity to interview this individual, and Hutchinson has failed to disclose the identity of this neighbor to the Court, the United States, or the FBI to date. Hutchinson similarly fails to provide any statement or record of a statement of the neighbor for the Court's consideration. Hutchinson's declaration and the briefing are the only references to the alleged potential testimony of the

---

[2] Although Hutchinson claims the United States "ignores its own proffered evidence suggesting that Individual-1 indeed stole items from Mr. Hutchinson's condominium," the email referenced is dated June 19, 2012, at least a month prior to the alleged theft of the laptop at issue here, as Hutchinson claims Individual-1 broke into his condominium in late July or early August 2012. *See* Def. Ex. 1, ¶ 4.

neighbor.  The position of the United States remains that even if the proffered testimony of this secret witness proves accurate and credible, it will nevertheless support the Government's assertion that Hutchinson abandoned any reasonable expectation of privacy assuming, *arguendo*, he initially had such an interest.  The United States also asserts that this testimony would not defeat law enforcement officers' good faith reliance on Individual-1's consent to search.

    C.  **Individual-1 reported her computers stolen on September 6, 2012.**

After Hutchinson filed his reply, Individual-1 advised that she had occasion to file a police report regarding the theft of the computers at issue after she received the computers back from the FBI, further corroborating her claim of ownership.  As set forth in the United States' response, on August 24, 2012, Individual-1 provided FBI Agent Coleman with a Sony VAIO laptop, an Apple Powerbook G4 laptop, an iPhone 4, an HTC 65035 cellular telephone, and a Seagate external drive.  *See* Government's Exhibit 2 (FBI 302, August 24, 2012); Exhibit 3a (FBI 302, August 24, 2012).  Individual-1 executed a consent to search form for the devices.  *See* Government's Exhibit 3 (signed consent to search form); Exhibit 4 at p. 31-33 (Individual-1 Testimony).  According to Individual-1, every device she turned over to the FBI belonged to her.  *See* Government's Exhibit 4 at p. 31-33.  The images of the laptops onto other drives were completed by August 29, 2012.  *See* Government's Exhibit 12 at p. 3-4.

On September 4, 2012, Hutchinson and Individual-1 were in an altercation at Hutchinson's condominium, and Individual-1 was arrested.  On September 6, 2012, at approximately 6:31pm, Individual-1 contacted the Little Rock Police Department and reported that an unknown person entered her apartment and stole several items.  *See* Government's Exhibit 39 (LRPD Incident Report 9/6/12).  The Detective Division Information Sheet reflects that Individual-1 reported she

returned home from jail and found that someone entered her residence and took **two computers**.[3] *See* Government's Exhibit 40.[4]

Thus, as set forth in the United States' response, and as demonstrated by the evidence referenced herein, the Sony laptop was provided to the FBI by Individual-1 who asserted, and continues to assert, that the laptop belonged to her, which is corroborated by contemporaneous evidence recovered during this investigation. Hutchinson has not shown otherwise and he has failed to meet his burden to establish standing to challenge the consent to search in this case. Accordingly, Hutchinson cannot overcome the initial hurdle regarding standing to bring a suppression motion, and the evidence discussed herein indicates that Hutchinson's claim that the Sony laptop belonged to him is self-serving conjecture and unsupported by facts. If the Court

---

[3]     Although the report notes "desktop computers," Individual-1 confirms that she did not own desktop computers; rather, she was reporting the theft of the laptop computers.

[4]     According to the government's investigation, Individual-1's sister (Individual-3) entered Individual-1's apartment, with Hutchinson's assistance, and obtained two suitcases filled with Individual-1's belongings for Individual-1. *See* Government's Exhibit 43 (Audio Interview of Individual-3). Although Individual-3 knew Individual-1 had two laptops and a couple of tablets, Individual-3 advised that Individual-1's computers were not in Individual-1's apartment when she went inside, which she thought was strange. *Id*. Individual-3 advised that Hutchinson asked Individual-3 to look for Individual-1's electronics. *Id*. Individual-3 indicated that Individual-4 took possession of the suitcases and transmitted them to Individual-1's attorney. Individual-3 stated it is possible that there was a third bag. *Id*. Individual-1's attorney confirmed that on October 2, 2012, Individual-4 dropped off three pieces of luggage for Individual-1 to his office, as evidenced by a receipt maintained by the attorney, but he did not itemize nor observe the contents of all of the bags. *See* Government's Exhibit 40a (302 of Interview 5/1/2019); Exhibit 40b (receipt). Individual-1 advised that at some point during this period, her laptops were returned to her through her attorney but she does not recall the specifics.

The government's investigation indicates that the Sony laptop was later stolen for good in October 2014 from Individual-1's residence in Hot Springs, Arkansas. Individual-1 filed a police report regarding the burglary incident. *See* Exhibit 40c. Individual-1 advises that although she originally thought that the Apple laptop and her son's Gateway computer were also stolen, they later located those devices. Individual-1 still had the Apple laptop in 2017 and turned it over to the FBI again.

determines that a hearing is necessary, the United States respectfully requests that the Court bifurcate the hearing and address the standing issue at the outset.

## II. THE FBI COMPLIED WITH POLICY.

In his reply, Hutchinson alleges that the FBI failed to comply with policy in its destruction of the images of the laptop, alleging that Special Agent Lowe failed to obtain concurrence from his supervisory special agent to destroy the images. *See* Hutchinson Reply, p. 18. In light of this allegation, the United States obtained email communications regarding the destruction of the images. The communications clearly show that the Supervisory Special Agent (SSA) was included and was fully apprised of the destruction of the images in December 2015. *See* Government's Exhibits 41, 41a. These emails also explain that the images were stored in an assessment file, upon the initial request by Special Agent Coleman because there was not a full investigative file open at the time the evidence was received. *See* Exhibit 41b. The storage in the assessment file, instead of an investigative file, explains why the images were destroyed at a later date. Thus, there was no violation of FBI policy.

## III. JOINT VENTURE AGREEMENT

In his reply, Hutchinson admits that "it appears that most (or all)" of the seven hard copy documents retained by the FBI from the original devices came from Individual-1's cellular phones. *See* Hutchinson Reply at 4. However, Hutchinson alleges that the joint venture agreement recovered from Individual-1 "could have *only* come from a device belonging to Mr. Hutchinson." *Id*. The document referenced is a joint venture agreement between Hutchinson and another law firm providing that Hutchinson would be paid $20,000 per month. *See* Government's Exhibit 42. However this assertion that the joint venture agreement *must* have come from the Sony belies the fact that on March 30, 2011, Hutchinson emailed Individual-1 asking, "Do you know where that

7

contract is between me" and a partner of the other law firm. *See* Government's Exhibit 42a. Therefore, at least as of March 30, 2011, Hutchinson admits that Individual-1 would have had access to a copy of the joint venture agreement.

## CONCLUSION

For the reasons stated in the United States' response and surreply, the United States respectfully requests that the Court deny the Defendant's Motion to Dismiss Due to Government Misconduct and Motion to Suppress.

Respectfully submitted,

| | |
|---|---|
| CODY HILAND<br>United States Attorney | ANNALOU TIROL<br>Acting Chief, Public Integrity Section |
| | |
| STEPHANIE MAZZANTI (2006298)<br>PATRICK C. HARRIS (85069)<br>BEN WULFF (2005190)<br>Assistant U.S. Attorneys<br>P. O. Box 1229<br>Little Rock, AR 72203<br>Telephone: 501-340-2600<br>E-mail: Stephanie.Mazzanti@usdoj.gov | MARCO A. PALMIERI<br>D.C. Bar No. 981788<br>Trial Attorney<br>Public Integrity Section<br>Criminal Division<br>U.S. Department of Justice<br>1400 New York Ave., N.W., 12th Floor<br>Telephone: 202-307-1475<br>E-mail: marco.palmieri@usdoj.gov |